# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-21340-COOKE

ALLEN L. FEINGOLD,

    Appellant,

vs.

OFFICE OF DISCIPLINARY COUNSEL, *and*
THE DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA,

    Appellees.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT ORDER

THIS MATTER is before me upon Appellant Allen L. Feingold's ("Mr. Feingold") appeal of the bankruptcy court's Order Granting Defendants' Motion to Dismiss Complaint ("Bankruptcy Order"), which dismissed Mr. Feingold's Complaint with prejudice. *See* Notice of Appeal, ECF No. 1. For the reasons stated below, I affirm the ruling of the bankruptcy court.

### I.  BACKGROUND

Mr. Feingold is an attorney formerly admitted to practice law in the Commonwealth of Pennsylvania. Compl., ECF No. 5-2, 8–9. Appellee Office of Disciplinary Counsel ("ODC") is an administrative agency of the Commonwealth charged with investigating and prosecuting claims of misconduct by present and formerly admitted attorneys. *Id.* at 8. Appellee Disciplinary Board of the Supreme Court of Pennsylvania ("Board") is also an administrative agency of the Commonwealth; it is charged with adjudicating claims of misconduct by present and formerly admitted attorneys. *Id.*

On or about August 1, 2009, the ODC filed a petition against Mr. Feingold seeking the entry of a preliminary injunction preventing Mr. Feingold from performing any activities constituting the practice of law. *Id.* at 9–10. The case was assigned to President Judge Dembe who held a hearing on the request for injunction, after which she entered a final

injunction against Mr. Feingold. *Id.* at 10. The injunction enjoined Mr. Feingold from any activity constituting the practice of law, allowed the ODC to seize the contents of Mr. Feingold's office, and enjoined Mr. Feingold from filing any document with the Philadelphia County Court of Common Pleas without prior permission from the President Judge. *Id.* At the instructions of Judge Dembe, the DOC and Board filed a motion for the appointment of a conservator, which was granted. *Id.* Mr. Feingold alleges he attempted to appeal the order appointing a conservator, but the Prothonotary of Philadelphia County refused to accept his filing, and Judge Dembe would not allow him to file his appeal. *Id.* at 12. During this time, Defendants retained possession of Mr. Feingold's files, office equipment, books, and other various items. *Id.*

On February 18, 2011, Mr. Feingold filed a voluntary petition for bankruptcy. Appellant's Br., ECF No. 18, 10. During the pendency of the bankruptcy case, the bankruptcy court allegedly directed Appellees to provide Mr. Feingold with a list of the files in their control so Mr. Feingold could take possession of them. Compl., 12–14. According to Mr. Feingold, Appellees never gave him the list and destroyed all of his files in their possession. *Id.* at 14. However, at some point during the bankruptcy proceeding, the Board moved for, and was granted, relief from the automatic bankruptcy stay to allow for the winding up of the disciplinary proceedings, including returning files to Mr. Feingold's former clients. *See* Ord. Granting Motion for Relief from the Automatic Stay, ECF No. 5-3, 57–58.

The instant adversary proceeding was filed on December 19, 2016, approximately six years after the filing of Mr. Feingold's bankruptcy petition and over two years after the entry of the order granting the Board relief from the bankruptcy stay. In his Complaint, Mr. Feingold alleges Appellees' seizure of his office and its contents, as well as the destruction of his files, constituted an unreasonable seizure, and the appointment of a conservator constituted an unreasonable search, all in violation of his Fourth Amendment rights. Compl., 13–14. Mr. Feingold also alleges Appellees acted under color of state law and in conspiracy with others to violate his civil rights "as guaranteed under the U.S. Constitution and pursuant to 42 U.S.C. §§ 1983 and 1985." *Id.* at 14.

However, this is not the first time Mr. Feingold has sought identical relief on identical claims. According to Appellees, Mr. Feingold filed three previous cases in the

Eastern District of Pennsylvania: Case No. 09-04421, *Feingold v. Office of Disciplinary Counsel, et al.*; Case No. 10-03357, *Feingold v. Office of Disciplinary Counsel, et al.*; Case No. 12-03516, *Feingold v. Office of Disciplinary Counsel, et al.* Appellees' Br., 9. Each case was dismissed, and each dismissal was affirmed by the Third Circuit Court of Appeals. *Id.* Appellees have attached copies of the orders of dismissals and affirmances. *See* ECF No. 5-2, 29–54. They have also attached a copy of Mr. Feingold's complaint in the most recently dismissed case. ECF No. 5-2, 55–89. A review of the Complaint in the instant case and the complaint in the third Pennsylvania case reveals that Mr. Feingold's claims are identical; the only differences between the two cases are that the instant case has fewer overall Defendants but one new Defendant (the Board), as well as fewer specific factual allegations. Appellees filed a Motion to Dismiss in the underlying bankruptcy case, which the bankruptcy court granted. The bankruptcy court found it lacked subject matter jurisdiction based on the *Rooker-Feldman* doctrine and that Mr. Feingold was collaterally estopped from bringing his claims again.

## II. LEGAL STANDARD

"When entertaining an appeal from a bankruptcy court, district courts are entitled to 'affirm, modify, or reverse a bankruptcy court's . . . order' and will accept its findings of fact unless those findings are clearly erroneous." *In re Boykin*, 313 B.R. 516, 519 (M.D. Ga. 2004) (Fed. Bankr. R. 8013). "A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo* . . . ." *HDR Architecture, P.C. v. Maguire Grp. Holdings*, 523 B.R. 879, 885 (S.D. Fla. 2014) (citing *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.),* 567 F.3d 1291, 1296 (11th Cir. 2009)). "The court may affirm the bankruptcy court's judgment 'on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.'" *Perry v. United States*, 500 B.R. 796, 798 (M.D. Ala. 2013) (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)); *see also In re Alam*, 359 B.R. 142, 151 (6th Cir. BAP 2006) ("We may affirm the decision of the bankruptcy court if it is correct for any reason, including one not considered by the bankruptcy court."); *In re Maximus Computers, Inc.*, 278 B.R. 189, 194 (9th Cir. BAP 2002) (same).

## III. DISCUSSION

Mr. Feingold challenges the Bankruptcy Order, arguing that neither the *Rooker-Feldman* doctrine[1] nor the doctrine of collateral estoppel apply to his claims in the instant case. Appellees contend that the bankruptcy court correctly applied both standards. I will address only the issue of collateral estoppel, as it is clear Mr. Feingold is collaterally estopped from relitigating the issue of subject matter jurisdiction under *Rooker-Feldman*.

"Collateral estoppel, or issue preclusion, bars the re-litigation of issues of fact or law that were actually litigated and decided in a prior suit." *McCulley v. Bank of Am., N.A.*, 605 F. App'x 875, 877 (11th Cir. 2015) (citing *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1317 (11th Cir.2003)). "Unlike *res judicata,* collateral estoppel is not limited to actions between the same parties and their privies." *Id.* at 878 (11th Cir. 2015) (citing *Hart v. Yamaha–Parts Distribs., Inc.,* 787 F.2d 1468, 1473 (11th Cir.1986) ("A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff.")).

> A party asking the court to apply estoppel must establish that "(1) the issue at stake is identical to the one involved" in the earlier proceeding; "(2) the issue was actually litigated" in the earlier proceeding; "(3) the determination of the issue . . . must have been a critical and necessary part" of the earlier judgment; and "(4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue."

*Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1180 (11th Cir. 2013) (quoting *Dana v. E.S. Originals, Inc.,* 342 F.3d 1320, 1323 (Fed.Cir.2003) (internal quotation marks omitted)).

As the bankruptcy court noted, the requirements of collateral estoppel are met here. The three cases Mr. Feingold filed in the Eastern District of Pennsylvania[2] alleged many of the same facts and identical claims, specifically that when Appellants, acting under color of

---

[1] Under the *Rooker-Feldman* doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).

[2] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir.1999)). Where documents are public records not subject to reasonable dispute because they are "capable of ready determination by sources whose accuracy cannot reasonably be questioned, it is appropriate to take judicial notice of them." *Id.* (quoting Fed. R. Evid. 201(b)). Such is the case here, and I shall take judicial notice of the court records and opinions in Mr. Feingold's previous cases.

state law, seized the contents of his office and appointed a conservator, they violated his Fourth Amendment rights. In the first and third cases, the district court found the court lacked jurisdiction based on the *Rooker-Feldman* doctrine; the second case found the court lacked jurisdiction based on the *Younger* abstention doctrine[3]. *See* ECF No. 5-2, 29–54. Mr. Feingold has now brought the instant case, adding the Board as a Defendant and the factual allegation that Appellants destroyed his property. However, this factual allegation has not created a new claim; Mr. Feingold has simply woven it into his other Fourth Amendment claims. Those claims have previously been litigated—three times (including three appeals)—and twice the court has found the *Rooker-Feldman* doctrine applies. This satisfies the second prong of the collateral estoppel test. In addition, the determination that the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine was part of the foundation, if not the entire reason, for the dismissal of two of Mr. Feingold's previous three cases. Although Mr. Feingold may not have liked the outcomes of those decisions, he had a full and fair opportunity to litigate the issue of a federal court's jurisdiction. "Collateral estoppel or issue preclusion applies to jurisdictional issues, as well as to other issues." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1356 (M.D. Fla. 2001) (citing *North Georgia Electric Membership Corp. v. City of Calhoun,* 989 F.2d 429, 432—433 (11th Cir.1993)).

> Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.

*North Georgia Elec.*, 989 F.2d at 433. Mr. Feingold has had the opportunity to litigate the jurisdictional issues twice before; the bankruptcy court appropriately concluded Mr. Feingold is collaterally estopped from litigating those issues again.[4]

### IV.    CONCLUSION

For the foregoing reasons, the Order Granting Defendants' Motion to Dismiss is

---

[3] The *Younger* abstention doctrine derives from the U.S. Supreme Court case *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* "and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[4] Because I am affirming the Bankruptcy Order on the basis of collateral estoppel, I will not address Mr. Feingold's contention that the *Rooker-Feldman* doctrine does not apply.

**AFFIRMED**. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **TRANSMIT** notice of this Order to the bankruptcy court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.

**DONE and ORDERED** in Chambers at Miami, Florida, this 26th day of March 2018.

*[signature]*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
Allen L. Feingold, *pro se*
Counsel of record